**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| MARCUS WAYNE FUGATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-CV-62-RLW |
| | ) | |
| MOBERLY POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Marcus Wayne Fugate, a convicted and sentenced Missouri State prisoner who is currently incarcerated in the Boonville Correctional Center, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $3.43.  In addition, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint on the proper form.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $17.13 and an average monthly balance of $5.68. The Court will therefore assess an initial partial filing fee of $3.43, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented persons must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff did not file the complaint on a Court-provided form, as required by the Local Rules of this Court. *See* E.D. Mo. L. R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). He indicates he intends to bring claims of "Sexual Assault; Sexual Harassment" against the Moberly Police Department, John Doe 1, John Doe 2, and "Officer West." Plaintiff does not identify the basis of his claims, but for purposes of conducting the required review of the complaint, the Court will presume plaintiff intends to proceed pursuant to 42 U.S.C. § 1983.

Plaintiff identifies the individual defendants as Moberly police officers, but does not specify the capacity in which he sues them. The Court therefore interprets the complaint as including only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d

3

615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, [courts] interpret the complaint as including only official-capacity claims."). In setting forth his statement of claim, plaintiff describes an October 17, 2019 arrest and pat-down search. However, the Court can only speculate as to what plaintiff believes each named defendant did or failed to do to violate his rights. Plaintiff seeks damages in the amount of $750,000.

## Discussion

Departments or subdivisions of local government, like the Moberly Police Department, are not legal entities that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Therefore, the complaint fails to state a claim upon which relief may be granted against the Moberly Police Department. Plaintiff's official capacity claims against the individual defendants are the equivalent of claims against the Moberly Police Department, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and fail for this same reason.

Even if plaintiff had sued the individual defendants in their individual capacities, the complaint would be subject to dismissal. Plaintiff's statement that the defendants are liable to him for "Sexual Assault; Sexual Harassment" is nothing more than an unsupported legal conclusion. Plaintiff does not clearly explain what he believes each named defendant did or failed to do to violate Plaintiff's constitutional rights, and the Court will not supply additional facts or construct a legal theory for him. As a result, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

In consideration of plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint on the proper form. Plaintiff is advised that the

amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990)*.* Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan*

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A self-represented litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, plaintiff has yet to file a complaint that states a non-frivolous claim. Also, nothing in the record presently before the Court indicates that the appointment of counsel would

be of sufficient benefit to plaintiff or the Court. The Court will therefore deny the motion without prejudice and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that by **February 7, 2022**, plaintiff must pay an initial filing fee of $3.43.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (ECF No. 8) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that by **February 7, 2022**, plaintiff must file an amended complaint on the Court-provided form in accordance with the instructions herein.

**Plaintiff's failure to timely and fully comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of January, 2022.