# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS WAYNE FUGATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-CV-62-RLW |
| | ) | |
| MOBERLY POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by Marcus Wayne Fugate, a prisoner who is proceeding *pro se* and *in forma pauperis*. For the reasons explained below, the Court will dismiss this action at this time, without prejudice.

### Background

The background of this case is fully set forth in this Court's January 6, 2022 Memorandum and Order, but the Court recites the following essential facts. Plaintiff initiated this action by filing a document that purported to be a complaint seeking relief pursuant to 42 U.S.C. § 1983 against the Moberly Police Department, and Moberly police officers identified as John Doe 1, John Doe 2, and Officer West. Plaintiff did not specify the capacity in which he sued the officers, so the Court construed the complaint as asserting only official capacity claims.

Plaintiff claimed he was subjected to sexual assault and sexual harassment during an October 17, 2019 pat-down search conducted incident to arrest. Briefly, he alleged that John Doe 1 asked him "what is this" when searching his groin area, John Doe 2 made a snide remark, and West observed. (ECF No. 1 at 2). Upon initial review, the Court determined the complaint was subject to dismissal, but gave plaintiff the opportunity to file an amended complaint to clearly set

forth his claims. In so doing, the Court carefully explained the reasons the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## The Amended Complaint

Plaintiff filed the amended complaint against John Doe 1, John Doe 2, and Officer West. Plaintiff identifies the defendants as Moberly police officers and sues them in their official capacities only, and he again claims the officers violated his constitutional rights during a pat-down search performed incident to arrest on October 17, 2019.  In support, he alleges as follows. John Doe 1 began the search at plaintiff's ankles, and moved up his legs to his groin area. He patted then grabbed plaintiff's penis, and asked him, "What is this?" (ECF No. 10 at 4). Plaintiff replied, "That's my penis sir," and John Doe 2 said, "he hasn't felt one of those in a while." *Id.* John Doe 1 then led plaintiff down a hallway, and plaintiff saw West "just standing the[re] not saying a word." *Id.* at 5. Plaintiff alleges no other facts about the search.

Plaintiff claims John Doe 1 used "excessive force during the arrest," and violated his Fourth and Eighth Amendment rights. *Id.* He claims John Doe 2 violated his "[constitutional] rights by making the statement "he hasn't felt one of those in a while." *Id.* He claims West "violated [his] 8th [Amendment] rights by failing to act [or] say anything in the sexual assault." *Id.* at 7. He identifies his injuries as "mental and emotional stress, mental anguish," and he seeks $750,000 in damages. *Id.* at 4.

## Discussion

As the Court explained in its January 6, 2022 Memorandum and Order, naming these defendants in their official capacities is the equivalent of naming their employer, the Moberly

2

Police Department. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As the Court also explained, the Moberly Police Department is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the complaint contains no non-conclusory allegations of a policy or custom of unconstitutional action, as would be required to state a municipal liability claim. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). As a result, the amended complaint fails to state a claim upon which relief may be granted against the defendants in their official capacities. It would be futile to give plaintiff the chance to amend and name the defendants in their individual capacities because his allegations fail to establish the violation of a federally-protected right, and would therefore fail to state a claim under 42 U.S.C. § 1983.[1]

Plaintiff claims he is entitled to relief because the defendants violated his Fourth Amendment rights during a search performed incident to arrest on October 17, 2019.[2] He does not challenge the legality of his arrest or claim the officers were not entitled to search him. Instead, he claims the search was *per se* unreasonable. The Fourth Amendment protects against "unreasonable" searches and seizures. U.S. CONST. amend. IV. *See United States v. Williams,* 477 F.3d 974, 975 (8th Cir. 2007). "The test of reasonableness ... requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). The purpose of a search incident to arrest is to protect the arresting officers, and to safeguard any evidence that an arrestee might conceal or destroy.

---

[1] To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Plaintiff also references the Eighth Amendment, but does not explain why he believes it applies to his claims. Because plaintiff was an arrestee who alleges the arresting officers engaged in misconduct during an arrest, the Court analyzes his claims under the Fourth Amendment.

3

*Arizona v. Gant*, 556 U.S. 332, 339 (2009).  In determining whether a search is reasonable, "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Williams,* 477 F.3d at 975 (quoting *Bell,* 441 U.S. at 559).

In this case, plaintiff does not allege facts that would call into question the reasonableness of the search. For example, plaintiff does not allege he was searched under his clothing or that any private area of his body was ever exposed or viewed, he does not allege the search was unnecessarily long or occurred in view of onlookers, and he does not allege he suffered physical pain.  While plaintiff states he was subjected to excessive force and sexual assault, he alleges no facts in support of either claim. His conclusory statements are insufficient to state a plausible claim for relief. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Plaintiff claims the search was *per se* unreasonable because John Doe 1 "grabbed" his penis while searching his groin area, and asked him what it was. However, plaintiff does not cite, nor is the Court aware, of any valid legal authority precluding arresting officers from searching an arrestee for weapons and contraband in the manner done by John Doe 1 in this case. In fact, the Eighth Circuit has specifically rejected the contention that even a reach-in search involving physical contact with a suspect's genitals was *per se* unreasonable. *Williams,* 477 F.3d at 976. Some physical contact is permissible, and even unavoidable, when police are conducting a search incident to an arrest to ensure the arrestee is not concealing a weapon or contraband. For these same reasons, John Doe 1's question was not *per se* unreasonable.

4

Plaintiff's allegations against the remaining defendants also fail to describe unconstitutional conduct. While John Doe 2's statement was unnecessary and perhaps unprofessional, it did not invade a federally protected right or render the search unreasonable. Finally, West cannot be held liable for failing to intervene in lawful conduct.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of May, 2022.